IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | |
|---|---|
| **RUTH ANNE WILSON-JONES, AS TRUSTEE OF THE RUTH ANNE WILSON-JONES REVOCABLE TRUST and RUTH ANNE WILSON-JONES, INDIVIDUALLY,**<br><br>     Plaintiffs,<br><br>**v.**<br><br>**TERMINIX INTERNATIONAL, INC.**,<br><br>     Defendant. | **CIVIL ACTION FILE NO.**<br><br>_____ |

## NOTICE OF REMOVAL

COMES NOW Terminix International, Inc. and submits this Notice of Removal of the action referenced herein from the Superior Court of Troup County, Georgia, to the United States District Court for the Northern District of Georgia, Newnan Division, respectfully showing as follows:

1.

Terminix is the named defendant in a civil action brought in the Superior Court of Troup County, Georgia, styled *Ruth Anne Wilson-Jones, as Trustee of the Ruth Anne Wilson-Jones Revocable Trust and Ruth Anne Wilson-Jones,*

*Individually v. Terminix International, Inc.*, Civil Action File No. 21-CV-0655. Attached hereto and made a part hereof as Exhibits are:

- **Exhibit A**: A true and correct copy of the Summons issued by the Clerk of the Superior Court of Troup County; and

- **Exhibit B**: A true and correct copy of the Complaint for Damages filed by Plaintiff in the Superior Court of Troup County.

The attachments hereto, Exhibits A and B, constitute all the pleadings that have been filed in the subject case in the Superior Court of Troup County, Georgia.

2.

The action was commenced by the filing of Plaintiff's Complaint for Damages ("Complaint") on December 6, 2021. Terminix's registered agent was served with the Complaint on December 16, 2021.

3.

Terminix removes this case based upon the jurisdiction granted this Court by 28 U.S.C. § 1332.

4.

Pursuant to 28 U.S.C. § 1446(b)(1) and FED. R. CIV. P. 6(a), this Petition is filed within 30 days after receipt by Terminix International, Inc., through service or otherwise, of a copy of a pleading, amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

5.

Terminix shows that the subject controversy is one between a resident of the State of Montana (Ruth Anne Wilson-Jones) and a corporation that is not a resident of the State of Montana (Terminix).

6.

On information and belief, Ruth Anne Wilson-Jones[1] was at the time of the commencement of this action and still is a citizen and resident of the State of Montana.

---

[1] Ms. Wilson-Jones has sued this case in her own individual capacity and in her capacity as the Trustee of the Ruth Anne Wilson-Jones Revocable Trust. "[W]hen a trustee files a lawsuit or is sued in her own name, her citizenship is all that matters for diversity purposes." *Americold Realty Trust v. Conagra Foods, Inc.*, 577 U.S. 378, 383 (2016). Based on Defendant's research, Defendant believes that Ms. Wilson-Jones currently resides in and is a citizen of Montana. The property at issue, however, is alleged to be a residence owned by the Trust located in LaGrange, Georgia. Thus, there is a possibility that Plaintiff is a citizen of Georgia. Whether Plaintiff is a citizen of Georgia or Montana is immaterial,

7.

Terminix International, Inc. was a corporation organized under the laws of the State of Delaware with a principal place of business in Tennessee.[2]

8.

Based upon the allegations contained in the Complaint, Terminix asserts that the matter in controversy exceeds $75,000.00, excluding interest and costs, and is a civil action brought in a Superior Court of the State of Georgia, of which the United States District Courts have original jurisdiction because of diversity of citizenship and the amount in controversy pursuant to 28 U.S.C. § 1332.

The party removing on § 1332 grounds bears the burden of showing that the amount in controversy is greater than the $75,000 jurisdictional amount. *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 752 (11th Cir. 2010). This

---

as she is not a citizen of either Delaware or Tennessee, the two states of which Terminix is a citizen for purposes of diversity jurisdiction.

[2] Although only the citizenship of the named Defendant need be considered for this removal, Terminix notes that the named entity (Terminix International, Inc.) is not the proper Defendant in this matter (and also, as of December 30, 2020, Terminix International, Inc. no longer exists, and, TMX Holdco, Inc. became the successor in interest, and it is a Delaware corporation with its principal place of business in Tennessee).

showing sometimes requires additional evidence, but when a defendant alleges that the face of the complaint itself supports removal, "the district court must evaluate whether the complaint itself satisfies the defendant's jurisdictional burden." *Roe v. Michelin North America, Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010).

If, as here, a plaintiff makes "an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the . . . jurisdictional requirement." *Id*. In this assessment, the district court "need not suspend reality or shelve common sense." *Id*. Instead, the court may use "reasonable deductions, reasonable inferences, or other reasonable extrapolations from the pleadings to determine whether it is facially apparent that the case is removable." *Id*.

The court is not "bound by the plaintiff's representations regarding [her] claim, nor must it assume that the plaintiff is in the best position to evaluate the amount of damages sought." *Id*. Furthermore, the court must consider the request for and availability of punitive damages unless it is apparent to a legal certainty that such cannot be recovered. *See, e.g.*, *Holley Equip. Co. v. Credit Alliance Corp.*, 821 F.2d 1531, 1535 (11th Cir. 1987); *Roe*, 613 F.3d at 1061.

This case involves allegations of fraud, misrepresentation, violations of the fair business practices act and other claims. And while no specific dollar amount is claimed to the property at issue, Plaintiff alleges that she is entitled to uncapped punitive damages based on the alleged actions at play here. She specifically claims and seeks $1,000,000 in punitive damages. As the Eleventh Circuit has noted, when determining the jurisdictional amount in controversy in diversity cases, punitive damages must be considered, unless it is apparent to a legal certainty that such cannot be recovered. *Holley Equip. Co. v. Credit All. Corp.*, 821 F.2d 1531, 1532 (11th Cir. 1987). While Terminix certainly denies that Plaintiff is entitled to any damages here, it concedes that Plaintiff has pled enough to withstand a Rule 12(b)(6) Motion on the punitive damages claim. Thus, that claim, along with the others, provides Terminix with a good faith basis to believe that more than $75,000 (exclusive of fees and costs) is in controversy here.

9.

Based on the complete diversity that exists between the parties and the amount in controversy, the pending action is one that Terminix is entitled to remove to this Court pursuant to 28 U.S.C. §§ 1332, 1446(b).

10.

As there is only one named Defendant, the unanimity rule is met. *See Stone v. Bank of N.Y. Mellon, N.A.*, 609 F. App'x 979, 981 (11th Cir. 2015) ("The requirement that all defendants consent to and join a notice of removal in order for it to be effective is referred to as the 'unanimity rule.'").

WHEREFORE, TERMINIX INTERNATIONAL, INC. prays that this Notice of Removal be filed, said action be removed to and proceed in this Court, and no further proceedings be had in the said case in the Superior Court of Troup County, Georgia.

Respectfully submitted this 14th day of January, 2022.

**HAWKINS PARNELL & YOUNG, LLP**

303 Peachtree Street
Suite 4000
Atlanta, Georgia 30308-3243
(404) 614-7400
(404) 614-7500 (fax)
skeith@hpylaw.com

/s/ *C. Shane Keith*
C. Shane Keith
Georgia Bar No. 411317
*Counsel for Terminix International, Inc.*

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1(C)

I hereby certify pursuant to Rule 7.1 of the Local Rules for the Northern District of Georgia that this document has been prepared in "Century Schoolbook" font, 13 point, as required by Local Rule 5.1(C).

## CERTIFICATE OF SERVICE

I have served Plaintiff's counsel in this case with the foregoing NOTICE OF REMOVAL and Exhibits A & B by placing copies in the U.S. Mail in an envelope with adequate postage, addressed as follows:

> Peter A. Durham
> Glover & Davis, PA
> 10 Brown Street
> P. O. Box 1038
> Newnan, Georgia 30264

This 14th day of January, 2022.

**HAWKINS PARNELL & YOUNG, LLP**

/s/ *C. Shane Keith*
C. Shane Keith
Georgia Bar No. 411317

303 Peachtree Street
Suite 4000
Atlanta, Georgia 30308-3243
(404) 614-7400
(404) 614-7500 (fax)
skeith@hpylaw.com

*Counsel for Terminix International, Inc.*

# SUPERIOR COURT OF TROUP COUNTY
# STATE OF GEORGIA

CIVIL ACTION NUMBER  21-CV-0655

Ruth Anne Wilson-Jones, Trustee of the Ruth Anne
Wilson-Jones, Ruth Anne

---

**PLAINTIFF**

VS.

Terminix International, Inc.

---

**DEFENDANT**

## SUMMONS

TO: TERMINIX INTERNATIONAL, INC.

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

> Peter A Durham
> Glover & Davis, P.A.
> 10 Brown Street
> P. O. Box 1038
> Newnan, Georgia 30264

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 6th day of December, 2021.**

Clerk of Superior Court

_Jackie W. Taylor_
Jackie Taylor, Clerk
Troup County, Georgia

Page 1 of 1

**Exhibit A**

⊟ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
TROUP COUNTY, GEORGIA
**21-CV-0655**
JOHN SIMPSON
DEC 06, 2021 01:40 PM

Jackie W. Taylor
Jackie Taylor, Clerk
Troup County, Georgia

IN THE SUPERIOR COURT OF TROUP COUNTY
STATE OF GEORGIA

RUTH ANNE WILSON-JONES, :
AS TRUSTEE OF THE RUTH ANNE :
WILSON-JONES REVOCABLE TRUST :
and RUTH ANNE WILSON-JONES, :
INDIVIDUALLY, :
:
    Plaintiffs, :
:
vs. : CIVIL ACTION FILE NO.
:
TERMINIX INTERNATIONAL, INC. :
:
    Defendant. :

## COMPLAINT FOR DAMAGES

COMES NOW Ruth Anne Wilson-Jones, as Trustee of the Ruth Anne Wilson-Jones Revocable Trust (the "Trust") and Ruth Anne Wilson-Jones, individually ("Jones") and hereby file this their Complaint for Damages against Terminix International, Inc. ("Terminix" or "Defendant"), as follows:

1.

The Trust owns a home located at 111 Lismore Drive, LaGrange, Georgia 30240 (the "Home").

2.

Jones individually contracted with Defendant as far back as the early 1990s whereby Terminix was to provide annual inspections, treatments and protections of the Home.

3.

Terminix International, Inc. is a Tennessee Corporation that is authorized to transact business here in the state of Georgia. Terminix may be served with process by serving its Registered Agent, C T Corporation System located at 289 S Culver Street, Lawrenceville,

Exhibit B

Georgia 30046-4805.

4.

Terminix has a business office located at 229 S. Davis Road, LaGrange, Georgia 30241.

5.

Venue is property is Troup County, Georgia.

6.

This Court has personal jurisdiction over Defendant.

7.

This Court has jurisdiction over the claims asserted by Plaintiff against the Defendant.

## FACTS APPLICABLE TO ALL COUNTS

8.

Since at least the early 1990s, the Defendant has been promising to provide annual termite protection services that included the Defendant's obligation to annually inspect, treat, and protect the Home to prevent termite infestations and damage caused by termite infestation (the "Termite Prevention Services").

9.

The Defendant made certain promises to the Plaintiffs including representing to Plaintiffs "100% satisfaction or your money back" and that the Plaintiffs would "never pay for any future termite treatment or damage repairs".

10.

Upon information and belief, the Defendant, contrary to its prior promises and representations, failed to visit the Home to perform annual inspections and to undertake adequate Termite Prevention Services.

11.

As a result of the negligence of the Defendant, termites were allowed to infiltrate areas of the Home and cause damage to the floor joist and flooring located in the Home.

12.

Once Defendant was notified of the potential termite infestation and termite damage, Defendant visited the property, by and through its representatives, and after entering the crawl space, claimed that there was no visible termite damage.

13.

Unbeknownst to the Defendant, Plaintiff's agent had already taken photographs of the termite tunnels and upon revealing this information, the Defendant then acknowledged that there was termite damage and informed Plaintiff's agent that the Defendant would promptly return to the Home to re-treat the Home.

14.

Despite such representations, Terminix failed and/or refused to return to the Plaintiff's Home to re-treat the Home.

15.

After Plaintiff engaged legal counsel to transmit written notice to notify Defendant of the above-referenced negligence, Defendant then purportedly sent representatives to the Home, and since that time, evidence of the termite tunnels and other evidence of termite infestation has been destroyed and/or eliminated.

## COUNT ONE
## FRAUD

16.

Plaintiffs incorporate by reference all of the allegations as set forth in Paragraphs 1

through 15 above as if same were fully set forth herein.

17.

Defendant made repeated and numerous false representations to the Plaintiffs (as identified above) and/or failed to disclose to the Plaintiffs that it failed to properly inspect, treat, and protect the Home form termite damage.

18.

At the time Defendant made these false representations and/or omitted to disclose material facts to the Plaintiffs, the Defendant had scienter.

19.

Defendant had an intention to induce Plaintiffs to pay an invoice and to refrain from investigating fraudulent conduct of the Defendant.

20.

The Plaintiffs reasonably and justifiably relied upon the Defendant, based upon its past course of conduct.

21.

As a result of fraudulent efforts demonstrated by the Defendant, the Plaintiffs have been damaged and are entitled to recover all damages allowed under Georgia law.

## COUNT TWO
## NEGLIGENT MISREPRESENTATION

22.

Plaintiffs incorporate by reference all of the allegations as set forth in Paragraphs 1 through 21 above as if same were fully set forth herein.

23.

The Defendant had a legal duty to exercise reasonable care and competence to provide

truthful information when conducting business with the Plaintiffs.

24.

The Defendant made representations to the Plaintiffs, by and through its representatives during the course of their employment.

25.

At the time the Defendant made the representations to the Plaintiffs, it had a pecuniary interest in the transaction and was able to solicit and secure monies from the Plaintiffs.

26.

The Plaintiffs reasonably relied upon the information provided by the Defendant because the Defendant held itself out as an expert in the area of termite treatment and prevention.

27.

The Defendant was manifestly aware of the use to which the information was to be utilized by the Plaintiffs.

28.

The Plaintiffs have sustained damages because of the negligent misrepresentations made by the Defendant to the Plaintiffs.

29.

The Defendant and its representatives breached the legal duty of reasonable care in making negligent misrepresentations to the Plaintiffs, and the Plaintiffs are entitled to recover all damages allowed by Georgia law.

## COUNT THREE
## NEGLIGENCE

30.

Plaintiffs incorporate by reference all of the allegations as set forth in Paragraphs 1

through 29 above as if same were fully set forth herein.

31.

Defendant owed a legal duty of care to act in a reasonable and diligent manner in its inspection, treatment and protection of Plaintiffs' Property.

32.

Defendant breached their duty of care owed to the Plaintiffs.

33.

The Defendant's breach of duty caused the damages to the Plaintiffs in an amount to be proven at trial.

34.

Plaintiffs are entitled to recover from the Defendant damages attributable to the negligence of the Defendant.

## COUNT FOUR
## VIOLATIONS OF GEORGIA'S FAIR BUSINESS PRACTICES ACT

35.

Plaintiffs incorporate by reference all of the allegations as set forth in Paragraphs 1 through 34 above as if same were fully set forth herein.

36.

Defendant, by and through the actions of its representatives violated Georgia's Fair Business Practices Act of 1975 by engaging in unfair and deceptive acts and practices.

37.

Defendant violated the following provisions of O.C.G.A. §10-1-393:

(b)(2)   Causing actual confusion or actual misunderstanding as to the source, sponsorship, approval, or certification of goods or services;

(b)(3)  Causing actual confusion or actual misunderstanding as to affiliation, connection, or association with or certification by another;

(b)(5)  Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have or that a person has a sponsorship approval, status, affiliation, or connection that he or she does not have;

(b)(7)  Representing that goods or services are of a particular standards, quality, or grade or that goods are of a particular style or model, if they are of another; and

(b)(9)  Advertising goods or services with intent not to sell them as advertised.

38.

Plaintiffs have already submitted a pre-filing demand for relief that was rejected by the Defendant. Accordingly, Plaintiffs are entitled to recover not only the actual damages sustained but also reasonable attorney's fees and expenses along with three (3) times the actional damages for an intentional violation as contemplated by O.C.G.A. §10-1-399(c) and O.C.G.A. §10-1-399(d).

## COUNT FIVE
## VIOLATIONS OF O.C.G.A. §10-1-853

39.

Plaintiffs incorporate by reference all of the allegations as set forth in Paragraphs 1 through 38 above as if same were fully set forth herein.

40.

As contemplated by O.C.G.A. §10-1-851 and O.C.G.A. §10-1-853, a violation of Article 15 (Deceptive or Unfair Practices) allows this Court to impose civil penalties of up to $10,000.00 for each violation in addition to the relief provided in O.C.G.A. §10-1-853.

41.

In addition to violating O.C.G.A. §10-1-393, Defendant similarly violated O.C.G.A. §10-1-372 by, among the following:

(a)(2)  Causing likelihood of confusion or of misunderstanding as to the source, sponsorship, approval, or certification of goods or services;

(a)(5)  Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have or that a person has a sponsorship, approval, status, affiliation, or connection that he does not have;

(a)(7)  Representing that goods or services are of a particular standard, quality or grade or that goods are of a particular style or model, if they are of another; and

(a)(12)  Engaging in any other conduct which similarly creates likelihood of confusion or of misunderstanding.

42.

Because Jones is above the age of 60, she is entitled to protection as allowed by O.C.G.A. §10-1-851, et. seq. including, but not limited to, recovering actual damages, punitive damages and reasonable attorney's fees.

## COUNT SIX
## ATTORNEY'S FEES AND EXPENSES OF LITIGAITION

43.

Plaintiffs incorporate by reference all of the allegations as set forth in Paragraphs 1 through 42 above as if same were fully set forth herein.

44.

The Defendant has acted in bad faith, been stubbornly litigious and has caused Plaintiffs unnecessary trouble and expense in forcing the Plaintiffs to prosecute the civil claims to recover the damages caused by the Defendant.

45.

As a result of the actions of the Defendant (including those specifically enumerated herein), the Plaintiffs are entitled to recover their litigation expenses including reasonable attorney's fees as allowed by O.C.G.A. §13-6-11.

O.C.G.A. §10-1-853;

  (f) award Plaintiffs all are expenses of litigation including reasonable attorney's fees in accordance with O.C.G.A. § 13-6-11; O.C.G.A. §10-1-399; and O.C.G.A. §10-1-853;

  (g) assess punitive damages against Defendant and in favor of the Plaintiffs in the amount of no less than One Million Dollars ($1,000,000.00); and

  (h) grant such other and further relief as this Court deems just and proper.

  Respectfully submitted this 3rd day of December, 2021.

              GLOVER & DAVIS, P.A.

              */s/ Peter A. Durham*
              Peter A. Durham
              Georgia State Bar No. 235542
              10 Brown Street
              P. O. Box 1038
              Newnan, Georgia  30264
              (770) 683-6000
              pdurham@gloverdavis.com